UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNIS RICARDO LLOYD,

                Plaintiff,

         -against-                    20-CV-10357 (LLS)

ROSLYN R. MAUSKOPF; WILLIAM        ORDER OF DISMISSAL
PETRUCCI; FBI AGENT-IN-CHARGE;
RAYMOND J. DEARIE,

                Defendants.

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his constitutional rights. By order dated December 10, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff, who is not presently in custody, filed this complaint regarding events occurring from 2017 through 2019, "and ongoing." (ECF 2 ¶ III.) Named as Defendants are Judges Roslyn R. Mauskopf and Raymond J. Dearie of the United States District Court for the Eastern District of New York; Otisville Correctional Facility Superintendent William Petrucci; and an unidentified FBI "Agent-in-Charge." The complaint contains the following allegations.

In 2017, Judge Dearie sentenced Plaintiff to 24 months in prison on a parole violation, and Plaintiff served that sentence at Otisville. Judge Mauskopf "ordered" that Plaintiff "be harassed, which put Plaintiff and his family "in jeopardy." These "action(s) consist of murder, attempted-murder, aggravated assault, etc." (*Id.*) Plaintiff was subjected to "electrocution" to his "feet, leg(s), face, genital(s), penis (bleeding), rectum, arm(s), shoulder(s), knee(s), ankle(s), eye(s), and stomach, by use of "demonator(s), placing Plaintiff in mental-state, using Plaintiff's eyes to see-through." In addition, $1 trillion in cash and checks was mailed from the Eastern District to Plaintiff on pallets; Judge Dearie and other individuals not named as defendants, including other prisoners and a civilian "illegally on the grounds of" Otisville, stole this money from Plaintiff. Also, "within the J-Unit" at Otisville are "three bodies," the "remains of a 3 month old baby" and its mother, and "mannequins laced [with] copper wire and implements used to

shock Plaintiff with electricity." (*Id.*) There are other allegations in the complaint of a similar nature.

Plaintiff seeks $250 billion, the recovery of his money, an investigation, the filing of criminal charges against Defendants, and "the right to eliminate the defendant(s)." (*Id.* ¶ IV.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] Plaintiff is barred from filing any new action IFP while a prisoner. *See Lloyd v. Zerillo*, No. 15-1894 (2d Cir. Aug. 20, 2015) ("Appellant is ineligible for IFP status and appointment of counsel because he has filed at least three complaints while incarcerated that were dismissed as frivolous. *See* 28 U.S.C. § 1915(g)"). Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring him from filing new actions *in forma pauperis* without prior permission, regardless of his custody status. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated:   December 11, 2020
         New York, New York

                                                     */s/ Louis L. Stanton*
                                                      Louis L. Stanton
                                                          U.S.D.J.